This is an action brought by plaintiffs to recover of defendants Beatrice McCleese, guardian of Manson and Paul McCleese, and her surety, United States Fidelity and Guaranty Company of Baltimore, Md., certain sums of money, for breach of duty in improperly investing and in failing to account and settle the estate and pay the amount due Manson and Paul McCleese, they having reached the age of twenty-one.
Upon motion before Judge F. A. Daniels, the following order was made: "It is therefore ordered and adjudged that the said Harry N. Levey, receiver of the National Surety Company, and the National *Page 827 
Surety Corporation be and they are hereby made parties defendant, and the clerk of the Superior Court of this county is authorized and directed to have summons issued in this cause, to said defendants, and each of them."
There was no exception to this order, and Harry N. Levey, ancillary receiver of National Surety Company, and the National Surety Corporation were duly made parties. (1) The National Surety Corporation demurred to the complaint. (2) Harry N. Levey, ancillary receiver, through his counsel, Kenneth M. Brim, entered a special appearance and moved to dismiss the action.
The judgment of the court below is as follows: "This cause coming on to be heard upon the special appearance, and motion to dismiss filed by the receiver, Harry N. Levey, receiver of the National Surety Company, and motion to dismiss being overruled by the court, and then coming on to be heard upon the demurrer of Harry N. Levey, receiver of the National Surety Company.
"And the court being of the opinion that the demurrers should both be overruled: It is therefore ordered and adjudged that the demurrers of Harry N. Levey, receiver of the National Surety Company, and the demurrer of National Surety Corporation be and they are hereby overruled, and the defendants Harry N. Levey, receiver of the National Surety Company, and the National Surety Corporation be and they are hereby allowed thirty days within which to file answer.
"It is further ordered that the plaintiff be allowed thirty days to amend complaint filed in this action and make such allegations against the said Harry N. Levey, receiver of the National Surety Company, and the National Surety Corporation, as they may be advised. E. H. Cranmer, Judge presiding."
The National Surety Corporation assigns as error: "(1) The order overruling the demurrer. (2) The order allowing the plaintiffs to file amendment to their complaint."
Harry N. Levey, ancillary receiver in North Carolina for the National Surety Company, files assignments of error as follows: "(1) To the refusal of the court to dismiss and abate the action. (2) To the order declining to grant the demurrer. (3) To the order allowing the plaintiff to amend the complaint."
An appeal was duly made by the parties to the Supreme Court.
The National Surety Company and Harry N. Levey, ancillary receiver, filed a motion that they desired to abandon their *Page 828 
appeal to the Supreme Court, and moved that they be allowed to withdraw their appeal, which has been allowed by this Court. The demurrer of the National Surety Corporation is alone to be considered on this appeal. The defendant National Surety Corporation contends it is not a necessary party to the action. This contention cannot be sustained. It was made a party and took no exception to the order of the judge at the time. Taking the pleadings as a whole, and all reasonable inferences to be drawn therefrom, we do not think that the demurrer of the National Surety Corporation can be sustained. The matter goes back for a hearing on the merits. Therefore, we see no reason to go into a discussion of the pros and cons of the matter. Allowing the plaintiffs to amend the complaint was in the discretion of the court below. The judgment of the court below is
Affirmed.